# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ANN ELAINE HAGAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHOENIX PROGRAM, INC., )<br>)<br>Defendant. ) | Case No. 07-4125-CV-C-NKL |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1]. For the following reasons, Plaintiff's motion is denied.

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious. 28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

1

Dockets.Justia.com

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has provided the Court with a document titled "Affidavit of Financial Status," which details her financial resources. Plaintiff, however, failed to have this document notarized. The Court may not consider the information contained in a document that is not notarized. Therefore, the Court is unable to find that she satisfies Section 1915's poverty requirement and her Motion for Leave to File *In Forma Pauperis* is denied.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] is DENIED.

                                               s/ Nanette K. Laughrey
                                               NANETTE K. LAUGHREY
                                               United States District Judge

Dated: July 31, 2007
Jefferson City, Missouri